IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CR-41-9FL

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>GRANT MCKOY, )<br>    Defendant. ) | **ORDER & MEMORANDUM<br>AND RECOMMENDATION** |

This matter is before the court on the following motions filed by Defendant Grant McKoy:

    1.    Motion for Inculpatory Statements, filed August 20, 2014 [DE #229];

    2.    Motion for Early Disclosure of *Brady/Giglio* Material, filed August 19, 2014 [DE #223];

    3.    Motion for Bill of Particulars, filed August 19, 2014 [DE #225];

    4.    Motion to Disclose Promises and Inducements, filed August 20, 2014 [DE #228];

    5.    Motion to Sequester Government Witnesses, filed August 19, 2014 [DE #224];

    6.    Request for Notice of Intent to Use Rule 404(b) Evidence, filed August 19, 2014 [DE #226]; and

    7.    Motion to Dismiss, filed August 19, 2014 [DE #227].

The government has responded to Defendant's motions, and the time for further filings has expired. The motions were referred to the undersigned for decision or recommendation, as appropriate, by United States District Judge Louise W. Flanagan.

## BACKGROUND

Defendant Grant McKoy is one of twelve defendants in this case. On May 27, 2014, a federal grand jury returned a true bill of indictment charging McKoy with conspiracy to distribute and possess with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846 and conspiracy to import a quantity of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960 and 963. McKoy is set to be arraigned on September 17, 2014. Before the court are a number of pretrial motions filed by McKoy.

## DISCUSSION

### I. Motion to Sequester Witnesses

Pursuant to Rule 615 of the Federal Rules of Evidence, Defendant McKoy seeks an order (i) excluding all government witnesses from the courtroom during the examination of other witnesses; and (ii) prohibiting the prosecutor and the government's case agent(s) from revealing anything about the trial testimony of government witnesses to other individuals whom the government will call to testify at trial. At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Furthermore, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial." *United States v. McCall*, No. 5:12-CR-351-10F, 2013 WL 2382306, at *1 (E.D.N.C. May 30, 2013) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000)). Pursuant to the rule, the government may exempt from sequestration one investigative agent involved in the criminal prosecution. *See* Fed. R. Evid. 615(b) (exempting from exclusion "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"). "Under this exception [to Rule 615], the district court may allow the government's chief investigating agent to remain in the

2

courtroom throughout the proceedings, even if he is expected to testify." *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986).

The government acknowledges that sequestration is mandatory upon a party's request. Nevertheless, the government seeks leave to request that additional case agents be permitted to remain in the courtroom should the need arise. Only one case agent may be exempted from sequestration under the exception set forth in Rule 615(b). *Farnham*, 791 F.2d at 334-35. However, Rule 615 also authorizes the court to exempt from sequestration "a person whose presence a party shows to be essential to presenting the party's claim or defense." *See* Fed. R. Evid. 615(c). Should the government determine that the presence of more than one case agent is necessary, it may make an appropriate request pursuant to Rule 615(c) prior to or at the time of trial.

To the extent Defendant McKoy requests that the prosecutor be prohibited from revealing trial testimony to other witnesses, that request must be denied. "Rule 615 does not prevent the government's prosecutor from discussing with government investigating agents or non-law enforcement witnesses who will testify at trial the testimony of previously called witnesses." *McCall*, 2013 WL 2382306, at *2. Witness sequestration "is 'designed to discourage and expose fabrication, inaccuracy, and collusion.'" *Rhynes*, 218 F.3d at 317 (quoting *Opus 3 Ltd. v. Heritage Park, Inc.,* 91 F.3d 625, 628 (4th Cir. 1996)). Lawyers are not like witnesses; they have ethical obligations that distinguish them from trial witnesses. As officers of the court, lawyers owe the court a duty of candor. *Id.* They are forbidden from presenting perjured testimony, and "may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false." N.C. Revised Rules of Prof'l Conduct 3.3(a) (2013).

3

Accordingly, Defendant's motion to sequester witnesses is GRANTED IN PART and DENIED IN PART. The court orders sequestration of all testifying witnesses with the exception of one case agent designated by the United States, Defendant, and such other witnesses as the court may determine are essential to the presentation of a party's claim or defense. All witnesses shall be prohibited from revealing any trial testimony to a witness that has not yet testified. To the extent Defendant seeks an order preventing the prosecutor from discussing with witnesses the testimony of previously called witnesses, that request is denied.

## II.     *Brady/Giglio* Motion

Defendant also moves the court for an order requiring the immediate production of exculpatory and impeachment evidence. Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), the government need only disclose exculpatory and impeachment evidence "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). The government asserts that it has provided to Defendant all discoverable material available at this time, with the exception of plea agreements and criminal histories of potential witnesses. The government further states that it is aware of its obligations under *Brady* and *Giglio* and that it intends to provide copies of any plea agreements and criminal records of witnesses to Defendant no later than the Thursday prior to trial. The court credits the government's assertion that it will comply with *Brady* and *Giglio* and, accordingly, DENIES Defendant's *Brady/Giglio* motion.

## III.    Motion to Disclose Promises and Inducements

Along the same lines, Defendant requests an order requiring the government to disclose "the existence and substance of any payments, promises, plea agreements, immunity, leniency, or preferential treatment made to prospective Government witnesses in this case." As set forth

4

above, the government asserts that it has provided extensive discovery and will provide to Defendant any plea agreements and criminal histories for prosecution witnesses on the Thursday prior to trial. The government further states that it is not presently aware of any additional discoverable information but, should such information arise, the government will provide it prior to trial. There being no indication that the government has failed to comply with its obligations, the court finds an order unnecessary at this time and, therefore, DENIES Defendant's motion for disclosure of promises and inducements made to witnesses.

## IV. Motion for Inculpatory Statements

Defendant also seeks an order requiring the government to disclose "any inculpating statements made by Defendant, his co-defendants, or by any co-conspirators of Defendant, which are intended to be offered as a vicarious admission or as a statement of a co-conspirator of a party during the course and in furtherance of the conspiracy." In response, the government again asserts that it has provided to Defendant all discoverable material currently available to the government, with the exception of plea agreements and criminal histories of potential witnesses. The government represents that interviews are ongoing and the government "will provide any and all relevant statements, be they inculpatory or exculpatory," to Defendant when they come into the government's possession. Given the government's agreement to provide such discovery, the court DENIES Defendant's motion for production of inculpatory statements.

## V. Request for Notice of Intent to Use Rule 404(b) Evidence

Defendant next asks the court to order the government to provide notice of Rule 404(b) evidence. Under Rule 404(b), the government is obligated to notify a defendant if it intends to use evidence of the defendant's prior bad acts under Rule 404(b). *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts . . . [may be admissible] provided that upon request

5

by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."). In its response to Defendant's motion, the government states that it is aware of its obligation to provide reasonable notice and will abide by the requirements of Rule 404(b). There being no indication that the government has failed to meet its obligations under the rule, the court DENIES Defendant's motion.

## VI. Motion for Bill of Particulars

The indictment in this case charges Defendant with participating in a conspiracy over a period of approximately ten years ("Beginning in or about January 2004 . . . and continuing up to and including [May 27, 2014]") [DE #1 at 1]. Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Defendant moves for a bill of particulars as to the "date(s) and specific act(s) the government contends Defendant committed which constitute overt acts in furtherance of the conspiracy." (Mot. Bill Particulars [DE #225] at 1.) Defendant contends that without further information, he is unable to determine whether the offense with which he is charged is barred by the statute of limitations, and Defendant is, therefore, unable to adequately prepare his defense.

The Constitution requires that an indictment contain "the elements of the offense charged." *Hamling v. United States*, 418 U.S. 87, 117. When an indictment fails to provide necessary information regarding an offense charged, a defendant is entitled to more detailed information. The purpose of a bill of particulars is "to enable a defendant to obtain ample information on the nature of the charges against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-34

6

Case 7:14-cr-00041-FL   Document 265   Filed 09/15/14   Page 6 of 10

(4th Cir. 1973).  A bill of particulars is not necessary, though, if the information has been provided either by the indictment or through discovery.  *Id.*  Additionally, a bill of particulars may not be used as a means of discovering the government's evidence or legal theories.  *See United States v. Stroop*, 121 F.R.D. 269, 272 (E.D.N.C. 1988).

In this case, the Indictment sets forth the object of each of the alleged conspiracies, its general location, and the general time frame during which it occurred.  *See United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994) (noting that the government is not required to prove or provide the exact date and time of an alleged offense).  It also specifies the quantity of drugs attributable to each of the alleged co-conspirators, Defendant McKoy being charged with a quantity of cocaine in both conspiracy counts.  While overt acts are not listed in the indictment, proof of an overt act in furtherance of the conspiracy is not required to sustain a conspiracy conviction under 21 U.S.C. §§ 846 or 963.  *United States v. Shabani*, 513 U.S. 10, 14 (1994) (holding that proof of an overt act unnecessary for § 846 conspiracy); *see also United States v. Rogers*, No. 12-2594, 2014 WL 4400784, at *8 (6th Cir. Sept. 8, 2014) (determining that an overt act is an element of a conspiracy charge only where required by statute, such as the general conspiracy statute, 18 U.S.C. § 371)

Moreover, the government has provided Defendant with extensive discovery totaling approximately 3,470 pages of material, including historical statements concerning Defendant and his alleged co-conspirators, airline and credit card company data, lab analyses of seized narcotics, and seized computer records.  With the exception of plea agreements and criminal histories of potential government witnesses, the government asserts that it has provided all of its discoverable material to Defendant.  It appears to the court that the discovery provided adequately informs Defendant of the identity of potential witnesses, the dates of activity

7

reported, as well as the locations where the activities occurred. Accordingly, the court concludes that Defendant has been provided with sufficient information to inform him of the nature of the charges against him and to allow him to prepare for trial and avoid surprise. *See United States v. Tello-Nicio*, No. 5:05-CR-218 (E.D.N.C. Feb. 14, 2006) (bill of particulars unnecessary where the indictment generally spelled out the crimes for which the defendant was charged and broad discovery had been provided). Defendant's motion for a bill of particulars is DENIED.

## VII. Motion to Dismiss

Finally, Defendant moves to dismiss the charges against him as barred by the statute of limitations on the ground that he withdrew from the conspiracy more than five years prior to the return of the Indictment in this case. In support of this motion, Defendant asserts that the government's evidence shows that the only overt act taken by Defendant was a plane trip in April 2009 when he unsuccessfully attempted to import drugs into the United States. Defendant asserts that "[i]mmediately upon his return from this trip, [Defendant] was severely beaten by the other conspirators and forever banished from the conspiracy." [DE #227 at 2.] Defendant claims that these facts establish that Defendant withdrew from the conspiracy more than five years prior to the return of the Indictment, and any prosecution of him is barred by the five-year statute of limitations set forth in 18 U.S.C. § 3282(a).

Withdrawal from a conspiracy "must be shown by evidence that the defendant acted to defeat or disavow the purposes of the conspiracy." *United States v. Duncan*, No. 13-4752, 2014 WL 3031046, at *6 (4th Cir. July 7, 2014). "An affirmative act sufficient to withdraw from a conspiracy generally requires the defendant to disavow her participation either through 'the making of a clean breast to the authorities, or communication of the abandonment in a manner reasonably calculated to reach coconspirators.'" *Id.* at *6 (quoting *United States v. Leslie*, 658

8

F.3d 140, 143 (2d Cir. 2011)). It is not sufficient to prove that the defendant ceased conspiratorial activity. *Id.*

Even assuming that the evidence to which Defendant points would support a finding of withdrawal, it does not rise to the level of establishing, as a matter of law, that Defendant withdrew from the conspiracy. Consequently, Defendant's motion to dismiss should be denied.

## **CONCLUSION**

For the foregoing reasons, the court enters the following orders:

    1.    Defendant's Motion to Sequester Government Witnesses [DE #224] is GRANTED IN PART and DENIED IN PART;

    2.    Defendant's Motion for Early Disclosure of *Brady/Giglio* Material [DE #223] is DENIED;

    3.    Defendant's Motion for Bill of Particulars [DE #225] is DENIED;

    4.    Defendant's Request for Notice of Intent to Use Rule 404(b) Evidence [DE #226] is DENIED;

    5.    Defendant's Motion to Disclose Promises and Inducements [DE #228] is DENIED; and

    6.    Defendant's Motion for Inculpatory Statements [DE #229] is DENIED.

It is further RECOMMENDED that Defendant's Motion to Dismiss [DE #227] be DENIED. The Clerk shall send copies of this Order and Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections to the recommendation set forth herein. Failure to file timely written objections shall bar an aggrieved party from receiving de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain

error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 15th day of September 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge